1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REAL MONEY SPORTS, INC.,

Plaintiff(s),

v.

REAL SPORTS, INC., et al.,

Defendant(s).

2:12-CV-1714 JCM (CWH)

**ORDER**

Presently before the court is defendant Real Sports, Inc.'s ("Real Sports") motion to dismiss. (Doc. # 9). Plaintiff Real Money Sports, Inc. ("Real Money") filed a response in opposition (doc. # 18), and defendant filed replies (docs. ## 21 & 25).

Also before the court is defendant's motion to stay. (Doc. # 13). Plaintiff filed a response (doc. # 15), and defendant filed a reply (doc. # 20).

Also before the court is defendant's motion to stay discovery. (Doc. # 24). No response or reply has been filed to this motion.

**I.    Background**

Both plaintiff and defendant participate in the sports-handicapping industry. (Doc. # 1, Compl. ¶¶ 11 & 17). They are direct competitors. (*See id.*). Plaintiff actively protects its clients' personal information and does sell the personal information to outside companies. (*Id.* at ¶ 16). Plaintiff considers its customer information a valuable trade secret. (*Id.* at ¶ 29).

**James C. Mahan**
**U.S. District Judge**

1   Plaintiff stores certain proprietary customer information in private accounts with

2   Windstream Communications ("Windstream").  (*See id.* at ¶ 18).  In or about September 2012,

3   plaintiff discovered that its private account with Windstream had been breached.  (*See id.* at ¶

4   18).  Plaintiff alleges that insiders that worked for plaintiff used stolen confidential company

5   usernames and passwords to access its private customer accounts/information with Windstream.

6   (*See id.* at ¶ 19).  This occurred without plaintiff's consent.  (*See id.* at ¶ 19).  Plaintiff alleges the

7   stolen information contained confidential proprietary data pertaining to thousands of its clients.

8   (*Id.* at ¶ 20).

9   Plaintiff alleges that defendant conspired with the insiders that stole the proprietary

10  information and paid the insiders a substantial amount of money for the information.  (*Id.* at ¶

11  21).  Plaintiff further alleges that defendant used the proprietary information to contact plaintiff's

12  clients and offer them competing handicapping services.  (*Id.* at ¶ 22).  Plaintiff also alleges that

13  defendant sold the proprietary information to competing handicapping services.  (*Id.* at ¶ 23).

14  Based on the these facts, plaintiff filed a complaint alleging eleven causes of action.

15  **II.   Discussion**

16  Defendant filed a motion to dismiss the plaintiff's complaint.  (Doc. # 9).  Defendant

17  seeks to dismiss the complaint under the following three theories: (1) incomplete diversity; (2)

18  failure to state a claim; and (3) failure to join indispensable parties.  (*See id.*).  The court will

19  address each theory in turn.

20  Defendant also filed two motions in addition to the motion to dismiss.  These two

21  additional motions are both titled as motions to stay.  (*See* docs. ## 13 & 24).  The court will

22  address each of these motions in turn as well.

23  *A.     Incomplete Diversity*

24  Defendant argues that this court has personal jurisdiction over the plaintiff.  Defendant

25  then argues that since this court has personal jurisdiction over the plaintiff then diversity

26  jurisdiction is destroyed.  To summarize, defendant argues that this court has personal

27  jurisdiction over both plaintiff and defendant; therefore, there can be no diversity jurisdiction.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    "The federal court's basic diversity jurisdiction extends to 'all civil actions where the

2    matter in controversy exceeds $75,000 and is between citizens of different states.'" *Johnson v.*

3    *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (ellipses omitted) (quoting

4    28 U.S.C. § 1332(a)(1). "[A] corporation is a citizen only of (1) the state where its principal

5    place of business is located, and (2) the state in which it is incorporated." *Id.* (citing 28 U.S.C. §

6    1332(c)(1)). "[T]he phrase 'principal place of business' refers to the place where the

7    corporation's high level officers direct, control, and coordinate the corporation's activities."

8    *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1186 (2010). The principal place of

9    business is also known as the "nerve center." *Id.*

10   Defendant has confused and conflated personal jurisdiction and diversity jurisdiction.

11   First, defendant argues that this court, as well as Nevada state courts, have personal jurisdiction

12   over the plaintiff. This is irrelevant because personal jurisdiction is a defendant focused inquiry.

13   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ("Due process

14   requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate

15   defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the

16   suit does not offend traditional notions of fair play and substantial justice.'") (quoting *Int'l Shoe*

17   *Co. v. Washington*, 326 U.S. 310, 316 (1945)). The court need not even consider whether it has

18   personal jurisdiction over the plaintiff.

19   Next, defendant argues that because this court has personal jurisdiction over the plaintiff

20   then diversity jurisdiction is therefore destroyed. Simply, personal jurisdiction and diversity

21   jurisdiction do not operate together in such a fashion. For purposes of diversity jurisdiction, the

22   plaintiff and defendant must be citizens of different states. When the parties are corporations, the

23   court looks at the place of incorporation and the principal place of business–not, as defendant

24   argues, all the forums where a party may be haled into court.

25   In its complaint, plaintiff states that it is incorporated in Florida and its principal place of

26   business is in Florida. (Doc. # 1, Compl. ¶ 1). The complaint also states that it believes the

27   defendant is incorporated in Nevada with its principal place of business in Nevada. (*Id.* at ¶ 2).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    In defendant's motion to dismiss, it does not state or assert citizenship from a place that could

2    destroy diversity jurisdiction in this case.  Plaintiff is a citizen of Florida and defendant is a

3    citizen of Nevada.  The parties are completely diverse.  Finally, plaintiff alleges the amount in

4    controversy is over $75,000, (*Id.* at ¶ 9), and defendant does not dispute the amount in its motion.

5    The court properly has diversity jurisdiction over the action.

6            B.      *Failure to State a Claim*

7            A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

8    can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and

9    plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

10   8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not

11   require detailed factual allegations, it demands "more than labels and conclusions" or a

12   "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

13   1949 (2009) (citation omitted).  "Factual allegations must be enough to rise above the speculative

14   level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must

15   contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129

16   S.Ct. at 1949 (citation omitted).

17          Where the complaint does not "permit the court to infer more than the mere possibility of

18   misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

19   *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not

20   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*,

21   550 U.S. at 570.

22          Defendant dedicates less than two pages of its motion to the argument that plaintiff has

23   failed to stated a claim under Rule 12(b)(6).  What is actually conclusory is not plaintiff's factual

24   allegations in the complaint, but, rather, defendant's arguments that the complaint should be

25   dismissed for failure to state a claim.  Defendant does not address why any one of the causes of

26   action should be dismissed or why the alleged facts are merely conclusory.  Defendant fails to

27   argue how the sixteen paragraphs in the complaint with specific facts do not push the complaint

28

**James C. Mahan**
**U.S. District Judge**                                                - 4 -

1  over the line from the possible to the plausible.  Defendant simply states that plaintiff's

2  complaint is conclusory.  Defendant has not carried its burden to demonstrate any claim for relief

3  has failed to state a claim under Rule 12(b)(6).

4       *C.    Required Joinder of Parties Under Rule 19*

5       Federal Rule of Civil Procedure 12(b)(7) allows a court to dismiss a claim or action if the

6  plaintiff "fail[s] to join a party under Rule 19."  Defendant argues that nonparty Windstream is an

7  indispensable party.

8       Under Rule 19, a court must first determine whether a nonparty is necessary.  *EEOC v.*

9  *Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *United States v. Bowen*, 172 F.3d 682,

10  688 (9th Cir. 1999) ("First, the court must determine whether the absent party is 'necessary.'").

11  "As is evident, Fed. R. Civ. P. 19(a) provides that a party is 'necessary' in two circumstances: (1)

12  when complete relief is not possible without the absent party's presence, or (2) when the absent

13  party claims a legally protected interest in the action."  *Bowen*, 172 F.3d at 688.

14       Neither of these two factors are present.  Plaintiffs have not alleged any wrongdoing or

15  misconduct against Windstream.  Even if wrongdoing were alleged against Windstream, then

16  Windstream would likely be either a coconspirator or joint tortfeasor.  "It has long been the rule

17  that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."

18  *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (stating also that "[t]he Advisory Committee

19  notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual joint-and-several liability is

20  merely a permissive party to an action against another with like liability.'").  Windstream is not a

21  necessary party.

22       *D.    First Motion to Stay (Doc. # 13)*

23       Defendant moves this court to stay discovery because it has "show[n] a likelihood of

24  success on the merits in connection with [its] pending motion to dismiss."  (Doc. # 13).

25  However, "[a] party seeking a stay of discovery carries the heavy burden of making a strong

26  showing why discovery should be denied."  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175

27  F.R.D. 554, 556 (D. Nev. 1997).  The magistrate judge has yet to issue an order on the motion to

28

**James C. Mahan**
**U.S. District Judge**

stay or sign the proposed discovery plan/scheduling order.  (*See* doc. # 19).  This order denying the motion to dismiss moots the motion to stay discovery pending resolution of the motion to dismiss.

> E.      *Second Motion to Stay (Doc. # 24)*

Document number 24 is titled "motion to stay" on the docket.  However, the body of this motion requests a hearing on the motion to dismiss and the motion to stay discovery pending resolution of the motion to dismiss.  The court finds the issues presented unnecessary for resolution via a hearing.  This motion is also denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 9) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion to stay (doc. # 13) be, and the same hereby, is DENIED as moot.

IT IS FURTHER, ORDERED, ADJUDGED, AND DECREED that defendant's motion to stay (doc. # 24) be, and the same hereby, is DENIED as moot.

DATED February 28, 2013.

_____
**UNITED STATES DISTRICT JUDGE**