# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

REAL MONEY SPORTS, INC.,

    Plaintiff(s),

v.

REAL SPORTS, INC., et al.,

    Defendant(s).

2:12-CV-1714 JCM (CWH)

# ORDER

Presently before the court are defendants', Real Sports, Inc. and James Spatafore (collectively "defendants"), motion to join Adam Meyer ("Meyer") and Windstream Communications ("Windstream") as indispensable parties. (Doc. #33). Plaintiff filed a response in opposition (doc. #36), and defendants filed a reply (doc. #38).

**I.  Background**

    **A. Factual Background**

Both plaintiff and defendants participate in the sports-handicapping industry as direct competitors. (Doc. #1, Compl. ¶ 11 & 17). Plaintiff stores certain proprietary customer information in private accounts with Windstream (compl. ¶ 18), and on or about September 2012, plaintiff discovered that its private account with Windstream had been breached. (*Id.* at ¶ 18). Plaintiff now brings suit against defendants.

    **B. Procedural Background**

Defendants filed a motion to dismiss for failure to join Windstream under Rule 19, pursuant

**James C. Mahan**
**U.S. District Judge**

1  to Federal Rule of Civil Procedure 12(b)(7). (Doc. #28). This court denied the motion, finding
2  Windstream "not a necessary party." (*Id.*). Defendants then filed a motion to join Adam Meyer and
3  Windstream under Rule 19, arguing both are "indispensable parties." (Doc. #33). Defendants reach
4  this conclusion by claiming without Meyer and Windstream, both would be unable to protect legally
5  cognizable interests and the remaining parties would be substantially at risk of incurring multiple
6  or inconsistent obligations because of those interests. (*Id.*).

## II.     Legal Standard

Three legal standards are relevant: law of the case, Rule 19, and Rule 20. The court applies the applicable legal standards below.

### A. Law of the case doctrine

Under the law of the case doctrine, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances: (1) a clearly erroneous prior ruling; (2) an intervening change in controlling law; (3) substantially different evidence; (4) other changed circumstances; or (5) a manifest injustice would otherwise result. *Thomas v. Bible*, 983 F.3d 152, 155 (9th Cir. 1993).

### B. Rule 19: required joinder of parties

Fed. R. Civ. P. 19 sets forth the rule for required joinder of parties. First, the court must determine whether the absent party is "necessary." *U.S. v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). "As is evident, Fed. R. Civ. P. 19(a) provides that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *Id.* If the absent party is "necessary," the court must then determine whether the joinder is "feasible." *Id.;See* Fed. R. Civ. P. 19(a) & (b).

If the joinder is not "feasible," the court must determine, whether in "equity and good conscience," the action should proceed or be dismissed. *See* Fed. R. Civ. P. 19(b). The factors to be considered under Rule 19(b) are: (1) the extent a judgment rendered in the person's absence might prejudice that person or other parties; (2) the extent to which prejudice could be lessened or avoided;

(3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See id.*

**C. Rule 20: permissive joinder of parties**

Fed. R. Civ. P. 20 describes the rule for permissive joinder of parties. Under Rule 20(a), a person may be joined as a plaintiff if: (a) they assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (b) some question of law or fact common to all parties will arise in the action. *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). However, even if these requirements are satisfied, "there is no requirement that the parties *must* be joined." *Wynn v. Nat'l Broad. Co.,* 234 F.Supp.2d 1067, 1078 (C.D. Cal. 2002) (emphasis in original). "Rule 20(a) is permissive in character, joinder in situations falling within the rule's standard is not required . . . ." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1652 (3d ed. 2001). The court has discretion in regards to joinder of parties. *Id.*

**III. Discussion**

Defendants argue that Meyer and Windstream should be joined under Rule 19, and alternatively Meyer should be joined under Rule 20. Plaintiff argues that Meyer and Windstream should not be joined because Windstream at most would be a joint tortfeasor and complete liability can be fully determine with the presence of the parties already in the case. (Doc. #36).

**A. Law of the case doctrine**

Defendants' attempt to invoke Rule 19 implicates the law of the case doctrine because the court has already addressed this joinder claim (doc. #28), and defendants now seek to apply Rule 19 to Windstream for the second time. However, none of the considerations are present that would allow the court to reopen this issue. This court's prior ruling on defendants' motion to dismiss for failure to join a party under Rule 19 was not erroneous and defendants do not argue that it was erroneous. (*See* Doc. #28).

There has been no intervening change in the controlling law, defendants have not presented any substantially different evidence, and there have been no other changed circumstances. Finally,

injustice would not result if Windstream was not joined because complete relief between the parties is still possible, and Windstream does not claim a legally protected interest. Defendants are simply moving for required joinder for a second time. This argument is precluded by the law of the case doctrine.

**B. Rule 19**

In an abundance of caution, this court will analyze Rule 19 as it applies to Meyer as well as Windstream, even though this issue as applied to Windstream is controlled by the law of the case. Defendants argue that both Meyer and Windstream are indispensable parties, and without joinder neither Meyer nor Windstream will be able to "protect legally cognizable interests, and the remaining parties would be substantially at risk of incurring multiple or inconsistent obligations because of those interests." (Doc. #33).

I. Meyer

First, the court determines if Meyer is a necessary party under the two circumstances set forth in Rule 19(a). Complete relief is possible without Meyer. Defendants point to Meyer's affidavit, where he stated that he is essentially the owner or primary decision-maker of Real Money Sports, Inc. (Doc. #33). However, defendants fail to make any real arguments as why Meyer is a necessary party and instead only quote Rule 19 standards without applying them to the facts. Additionally, defendants appear to be attempting a "piercing the corporate veil" argument.[1] The court is not convinced Meyer is a necessary party. The court need not address whether the joinder is feasible, since Meyer is not a necessary party.

. . .

. . .

---

[1] "The alter ego doctrine arises when a plaintiff . . . claiming an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable . . . ." *Wady v. Provident Life and Accident Ins. Co. of Am.*, 216 F. Supp 2d 1060, 1066 (C.D. Cal. 2002) (quoting *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)). Piercing the veil is a strategy typically used only by a plaintiff. Defendants have failed to set forth reasons why Meyer in particular should be joined. Additionally, defendants need not pierce the veil, at least at this point in this suit, because they will have adequate relief if they succeed against plaintiff Real Money Sports, Inc. Defendants have made no arguments whatsoever why it may need to pierce the corporate veil.

**James C. Mahan**
**U.S. District Judge**

      ii. Windstream

Although the law of the case governs joining Windstream under Rule 19, in abundance of caution the court will still analyze the merits. Defendants have failed to show once again that Windstream is a necessary party by demonstrating that relief is not possible without their presence, or that Windstream has a legally protected interest in the action. Defendants don't make any additional arguments or analogize case law, rather they only make conclusory statements which do not give rise to a joinder claim as applicable to Windstream.

Additionally, defendants claim that both Meyer and Windstream are "indispensable parties." (Doc. #33). Whether a person is "indispensable" relates to whether a particular lawsuit must be dismissed in the absence of that person and is determined in the context of each particular case. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 117 (1968). Accordingly, a court first determines whether the absent party is necessary to the action, and then if that party cannot be joined, whether the party is "indispensable." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). Therefore, a court only addresses indispensability when the absent party is necessary and that party cannot be joined.

Here, both Meyer and Windstream are not necessary parties. Even if this court were to find Meyer and Windstream as necessary parties, there are no circumstances present in which they are unable to be joined to the suit. Thus, indispensability has no application to the case at bar.

**C. Rule 20**

Alternatively, defendants state that Meyer should be joined as a plaintiff under Rule 20(a).[2] Meyer has not asserted any right to relief arising out of this transaction, rather defendants have demonstrated only that Meyer is the owner or primary decision-maker of Real Money Sports, Inc. (Doc. #33). There appears to be no question of law common to Real Money Sports, Inc. and Meyer arising out of this action. Finally, defendants have made no argument that Meyer should be joined under Rule 20. Defendants's arguments consists only of quoting the text of Rule 20 and stating that

---

[2] Defendants addressed rule 20(a) for the first time in their reply (doc. #38), rather than their original motion. Despite a lack of analysis and application of rule 20(a) to Meyer, the court will still address this claim.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Meyer should be joined under Rule 20. The court finds no reason to join Meyer under Rule 20.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' Real Sports, Inc. and James Spatafore motion to join Adam Meyer and Windstream Communications as indispensable parties (doc. #33) be, and the same hereby is, DENIED.

DATED June 14, 2013.

_____
**UNITED STATES DISTRICT JUDGE**